Let's start with 21-1445, Hogan v. Pilgrim's Pride Corporation, Mr. LePetka. Good morning. May it please the Court. J. Ryan LePetka with Conflict and Poverty for the Plaintiff Appellant. Why don't you speak up a little bit? Sure. There are three issues on appeal today, dealing with falsity, repose, and scheme liability. And if it pleases the Court, I'd like to actually start with the repose issue first. And there are a couple of reasons for that. One, I believe this is an important issue that will affect many different types of litigants, not just securities litigants, but also because if the Court reverses and remands on falsity grounds, we're still going to want to put our best foot forward before the district court and amend. And it appears that the district court wouldn't allow us to do so because it would be past the repose period. Now, the Third Circuit, which is the only circuit to address this issue, disagreed with that notion. And it allows plaintiffs to amend, provided that the action is still open. Defendants seem to now embrace that rule from SEPTA. However, their argument is that the proceeding had closed. The issue with that argument is that under clear Tenth Circuit law, that's not correct. In MOYA, Judge Ebel, that was your decision 15 years ago. It's been cited in this circuit consistently over the last 15 years as the test for determining whether an action or an order is final. And under that test, if a judge grants leave to amend, that, quote, conclusively, end quote, demonstrates that the district court intended only to dismiss the complaint and not the entire action. So under that analysis, plaintiff's position is clear. The action was still open. Therefore, we should have been allowed leave to amend, despite the repose period. Counsel, I had a question about the leave to amend. This would have been in the March 14 order dismissing the first amended complaint. So the first order dismissing the complaint in 2014 did not deal. Well, that's when he granted leave to amend. Now, it wasn't in the, well, he did actually suggest that we had leave to amend in his initial order. But on reconsideration, that's when he definitively granted us leave to amend. Not the March 14, 2018 order. Is that what we're talking about? Let me get the dates straight, Your Honor, just so. So, Your Honor, the March 2018 order is the order in which he definitively granted leave to amend. Okay. I'm not seeing where he explicitly said that. No. He said the plaintiff requested leave to amend this complaint. But then, in the end, said, accordingly, I dismiss this case without prejudice. I don't see any explicit grant of leave to amend. Oh. My apologies, Your Honor. The grant to leave to amend is in the November 2018 order. And that's the one where he says plaintiff's request for leave to amend is unopposed and is a granted. My apologies. November. November. That's correct. Okay. Do you think there's no time limit on that? Isn't there at least an implication that you can amend within a reasonable time? Well, Your Honor, I don't think the law provides that rule. And given the fact that plaintiffs couldn't appeal that order within a reasonable amount of time, we actually needed a final order to appeal. I think it's reasonable to assume that we were granted leave to amend. And there's something that I want to mention here, which is in his March order, Judge Jackson did something somewhat peculiar, which is he said our case was arguably premature. And he told us to follow the antitrust docket for FAPs that would support our claims. It's unusual, sure, for a judge to grant leave to amend and not put a deadline on it. But I think that's what explains why he did it. And so we took that as we had flexibility to take our time and amend it. So going on what Judge Hart asked, would it be open-ended? I mean, could you just sit on it and 10 years later, I mean, if life didn't work out for you, you would amend then? Well, Your Honor, not necessarily. And I think defendants after seven years could move for dismissal for lack of prosecution. After only seven years?  Spoken from a lawyer's perspective. That's prompt for the lawyer. But yes, I think this rule is somewhat mechanical in the sense that if the case remains open, we should be granted leave to amend. Well, counsel, the court entered final judgment after the March 14 order and even assessed costs. So if we're talking about mechanical, didn't you just have 30 days then to appeal? Judge Matheson, I actually disagree because there have been several cases within the Tenth Circuit where a final judgment has been ordered. But that's not an effective final judgment if you grant leave to amend. But they didn't grant leave to amend until November. That's correct, Your Honor. But we still had flexibility to ask for reconsideration, and we did that timely. When did you ask for reconsideration? Was it within 30 days of the final judgment? I believe it was, Your Honor. I'd have to double check, but I believe we did. And it just took a little while for the judge to issue his order. Is that a critical fact? If the judge had not said leave to amend, would you be in a different position? I think that's correct, Your Honor. I think if the judge did not grant leave to amend, the analysis under Moya would be a little bit different. It wouldn't necessarily be dispositive because under Moya, even if a judge dismisses without prejudice, it can be a final order under some circumstances. You look at the language in his order to determine whether he did mean to end the entire proceeding. And I would argue that he didn't because he told us to go follow the antitrust docket. He said our case was premature. He actually said it wasn't hopeless. And so I think that type of language suggests a lack of finality. Well, since timeliness is so important here, can you tell us precisely when your motion to reconsider was filed? Do you have that handy? If it wasn't within 30 days, then it becomes a 60-B motion, which doesn't affect finality. Yes, Your Honor. Our motion for reconsideration was filed on April 11, 2018. So it was within 30 days. Now, aside from that, there was actually another reason under repose why the district court erred. And that's because he miscalculated the repose period. Under the Supreme Court's rulings in CTSB Waldberger and Ann's, the Supreme Court has held that repose begins at defendant's last culpable act. Our analysis is quite simple. Our last alleged misstatement in our complaint was within five years of when we amended. What was that last act specifically? In our case, it was the last alleged misrepresentation. What was that last misrepresentation? It was, I believe, a repeat of other misrepresentations. How was it presented? What document? Where did it appear? That one appeared in, I think it was the same day, but it was in an SEC filing, and I believe there was an accompanying earnings call. Which SEC filing? I believe it was a 10-Q. I'm almost positive. I could double-check that. But I would like to get to the mechanics of this as well, because defendants make the argument that because Section 10B claim, each misrepresentation can be its own violation of Section 10B. The repose period runs from each misrepresentation, not the last one. I don't think there's anything in the Supreme Court's language in Waldberger or Ann's that supports that, and this court, plaintiffs just submitted a 28-J letter last week. There is a decision two months ago in November, a very similar statute with regards to the False Claims Act, written very similarly. The repose is written very similarly. Each false claim submitted to the government can represent its own violation. Well, this court looked at those claims. There were six of them, and it ran repose from the sixth and final claim. And did it run that repose not only for the sixth and final one, but for the other five as well? No, because it didn't need to, because all it had to do was look at the last. No, but did that enable the plaintiff then to make a claim for all six of them? It actually couldn't have made the claim for other reasons, but that's how this court calculated the repose period. If you rely just on the last act, my question is, if you don't rely on the scheme claims, but you rely on the actual discrete misstatement subpart of 10B, would a misstatement that's within that statute pull back into the case all the earlier misstatements? Yes, it would. Even though it's not under the scheme claim, it's under the affirmative misstatement claims? Even under a scheme claim. Now, I would like to— No, I mean, the scheme claim is easier. Well— It's harder to pull it back in for the individuals. Correct, Your Honor, but I would like to make a point, which is to say that the defendants argue that with repose you can't have equitable tolling, and that comes from the Ann's case. Well, the Ann's case also talks in terms of last culpable act as starting a repose period. In Lorenzo, Justice Breyer says that scheme claims, 10B-5, A, B, and C claims, are not mutually exclusive. You can have overlap. So, I'm not sure that it would make a whole lot of sense to calculate repose differently for A and C claims than it would be for B claims. Also, I think in Ann's, the Supreme Court gave an indication of why defendants' position isn't quite right. And that's because, Supreme Court wrote, the object of the statute of repose is to grant complete peace, not piecemeal peace. If it runs for misstatement, that would be piecemeal, but for complete peace. And that doesn't happen until defendants' culpable acts cease, until they stop. And so I think that it makes much more sense to run repose from the last culpable act. Could you just address how you reconcile your argument with the district court's decision that plaintiffs lacked standing for claims after June 8, 2015? I take it the only way around that is this sort of continuing fraud exception that you relied upon? And I don't think it's continuing fraud exception. I think it's that we would fit within repose if it's calculated from the last culpable act. But generally, we don't dispute that if repose is calculated the way that the district court did, we would lack standing to bring the claims in our second amended complaint. Why isn't it continuing fraud exception or some version of tolling that you're relying upon? I think that's exactly what I was just explaining, which is, I think because the statute of repose begins at the last culpable act, tolling discusses a pause. There's nothing that's paused if it starts at the last culpable act. It runs from that date, and it's fixed and finite. I guess I'll reserve 15 seconds for rebuttal. Thank you. What about the Rules Enabling Act issue, whether allowing relation back under the rules of civil procedure actually undermines a substantive right granted by the repose statute? Do you think the rule can override that consideration? Well, in a way, I do think so, because while I think courts have acknowledged that defendants have a substantive right in repose, I think if the action is open, then because the defendant's substantive right in repose is to be, after a certain fixed amount of time, not to be hailed into court, this wouldn't affect its substantive right in that regard, because this would be determining whether or not they have a substantive right to close the proceedings, to end them, and I think that's a different issue. So I would argue no. Thank you. Thanks. Ms. Zalka, is that? Good morning, Your Honours. Caroline Zalka from Waugh Gotshal on behalf of defendants Pilgrim's Pride and Fabio Sandri. Mr. Fagg represents Mr. Lovett, but I'll be presenting the argument on behalf of all defendants today. May it please the Court. I'll address plaintiffs' arguments with respect to the statute of repose first. So I think it's helpful here just to take a brief step back, because I think, as you just heard from the plaintiffs, the statute of repose is designed to give a defendant explicit and certain protection. There's supposed to be a point at which a defendant is free from liability. It's not about a defendant being hauled into court, but it's supposed to be a time and point certain at which a defendant can say, I am now free from liability under the Exchange Act for a specific violation. I think generally speaking, obviously, as this Court has recognized, statutes of repose are strong medicine. They operate to extinguish meritorious claims, unmeritorious claims, and regardless of whether the plaintiff has discovered that he or she has a cause of action. And I think here what Section 1658B does is say, imposes a five-year limit, and as such, certain plaintiff's claims are time-barred because they waited the length of time that they did following the Court's dismissal without prejudice of the First Amendment complaint. Now, I think what we just heard from plaintiffs, and obviously certain of Your Honor's questions were directed towards this, was that their position is that they're entitled to an indefinite suspension of the absolute temporal bar that Congress imposed. Basically, any time a district court impliedly dismisses without prejudice, there is impliedly a tolling of a statute of repose indefinitely without briefing, argument, or mention of it whatsoever. No, I think they're really saying that your right is not to have a case instituted or initiated or started, and they're saying this case never was over, and so that didn't occur. And, Mr. Becker, my response would be twofold. One is I think the district court actually dismissed the case without prejudice, dismissed the complaint without prejudice, terminated the action, and assessed costs and entered final judgment. But eventually, when it was reinstated, well, you had the same case number, didn't you? It did have the same case number. So doesn't that show that at least, I don't know, the clerk's office probably makes that decision, but somebody thought it was the same case. And I think the relevant question here is, and absolutely no dispute, it was the same case number. But I think the question that courts look to in this regard is, for purposes of calculating statute of repose, is the dismissal without prejudice essentially does that actually toll statute of repose or doesn't it? And I think the answer is, and I think it's consistent with the authority in this circuit, is that for purposes of calculating a statute of repose, a dismissal without prejudice is treated as if that complaint didn't exist. What about the motion for reconsideration and then the subsequent grant of leave to amend? You're arguing that the second amendment complaints a new action. But in light of the motion for reconsideration, grant of leave to amend, and the court's apparent treatment of this as part of the same case, how can it be a new action? Well, I think what I would say is, for purposes of calculating statute of repose, it is a new action. It is because the statute of repose was running in the background. So I think the dismissal without prejudice that the court ordered. And notably, the district court didn't disturb his entry of final judgment when he granted leave to amend. And the first, obviously, in the April 2018 dismissal without prejudice also contemplated amendment. So the district court contemplated potential amendment at the time in April 2018 in connection with the first dismissal without prejudice. And it was at that point, obviously, that the court entered final judgment. When the court, in connection with the November motion for reconsideration under 59E, the court didn't alter its April 2018 judgment in any way, shape, or form. And I think the way- Well, it did, at the end, enter an amended final judgment. So why didn't that take care of this problem? Yeah, understood, Your Honor. I think consistent with this circuit's authority, I think in the Boatsman case, as well in the Brown case, I think that this all goes back to, okay, at the time that the initial complaint was dismissed, if it was dismissed without prejudice, then for purposes of calculating the statute of repose, the action is no longer pending and the clock is ticking. Because otherwise, you would have the parade of horribles, which is the defendant would never be free from liability. Because any time a dismissal without prejudice was entered- That's not accurate, I don't think. There was never final judgment in this case. There was never a judgment that could be appealed. And that's important. If you thought he was taking too long, the claims were taking too long to file, you could have moved to dismiss for failure to prosecute or whatever. There's a very interesting unbiased decision of the Fourth Circuit, Britt v. DeJoy, 45 Federal Reporter 4th, 790. And the issue there is appealability. But it's based on the same proposition here. Is the judgment final or not? And there was never a final judgment here. You had the same case. What if there had been lots of discovery and so on going on? You wouldn't be able to raise the repose because they're still investigating the facts. It seems to me that until there's a final judgment- Well, tell me why I'm wrong, let's put it that way. Until there's a final judgment, there's not a problem with repose. Okay, respectfully, my response would be that I think that the analysis of whether or not a judgment is final for purposes of appellate jurisdiction and appeal is different than whether or not the dismissal without prejudice and the judgment entered at that point told the statute of repose. I think those two things are analyzed separately. And I think under Brown and the Hartsman case that both of those would say, in the circumstance for this specific question, no dispute with respect to appellate jurisdiction and when a judgment would become final for that purpose. Also, obviously, if discovery was ongoing, we wouldn't be here, I think, before your honors. But I think for purposes of calculating when the statute of repose runs, a dismissal without prejudice, regardless of whether it's an entry of final judgment or not, but a dismissal without prejudice is treated as if that complaint was never filed. But why? I mean, you talk about the parade of horribles, but you could have gotten repose any time you wanted by moving the court to say their time to amend has expired. They haven't been prosecuting this. Close this case. And I can guarantee you I wouldn't have waited seven years, your honor, to respond to the hypothetical that my colleague proposed. But I think in that regard, I don't think it's actually the law imposes an obligation on defendants to run into court and say now the statute of repose is ticking. No, but you have the obligation is to make it final. And who would care more? I mean, you've got the motivation for that. I think in this scenario, what that would have required, though, is statute of repose is running from the date of each misrepresentation. And obviously, as the period continued here, the statute of repose was rolling off with respect to certain misrepresentations in the complaint. So under that scenario, the onus would not be on defendants to come in and piecemeal say every time a statute of repose had run on any of the individual alleged misrepresentations, come in and say now your time barred. I don't think that that would be either efficient or consistent with how the statutes are supposed to run. Let me ask. There was a criminal action that paralleled the claims in some regard that came down and that really triggered the reinstitution, not reinstitution but the getting active again of this case. But was that discussed by the court or the parties as to a reason why they might want to have a hiatus going on here for a while? It was not discussed, obviously, in connection with the first or second amended complaint. I think obviously plaintiffs are raising it.  I think the timing of that would have meant that that came out in June 2020, I believe. So that wasn't kind of one of the issues that was discussed by either the court or the parties. I thought opposing counsel said something about the judge suggesting to plaintiffs they may want to follow this antitrust case. So I think that that was a reference to the civil action that was pending at that time. Do you get any support for your repose argument from the district court's standing ruling? I think the district court correctly found that because certain of the claims were time barred, the plaintiff lacked standing to pursue those claims. And then the plaintiff basically hadn't purchased stock after the now time barred claims, so he lacked Article III standing. Well, I understand that that's what the district court said, but can you get any advantage from that for your repose argument? I'm not sure that I see the connection of the district court's ruling as finding that there was no Article III standing for the post-time barred misrepresentation. Well, if the last culpable act happened after 2015, but there's no standing, why wouldn't that take care of the last culpable act? I see what you're saying, yes, Your Honor. I think that in terms of the last culpable act on that point, I think there, I want to point out just the two recent circuit court decisions, which we submitted to the court on Friday, which find that essentially when looking at the last culpable act for purposes of calculating the statute of repose under Section 1658, that it runs from the date of each misstatement, not, which in terms of because it is a singular violation under the Exchange Act. And obviously, you can have an independent violation of the Exchange Act each time there is a misrepresentation. And then consistent with that, both of those circuit courts have found, have calculated the statute of repose as running from the date of each misrepresentation. If it's calculated from the last act, would, and would that last act for all A, B, and C claims, would it, would it, if you don't necessarily agree with that if, but if that is true, would it pick up all of the preceding claims, not for the conspiracy charges, but for the B claims? Well, I think that runs into the exact problem why. Whereas here, A, B, and C claims are completely coincident and are predicated on misstatements, it is the date of each misrepresentation. And the last, just because you have one final misrepresentation, doesn't now capture in all of the preceding ones that are time bars. And that's my question. I feel more comfortable applying that for a conspiracy or something where it doesn't end until it ends, and then you respond. But if they're discrete misstatements, it's a hard, much harder question for me. I agree, Your Honor. I think that with respect to, and that's why the statute speaks in terms of the singular violation. So it's supposed to be about, the statute is running with respect to each independent violation of the Exchange Act, which is each misrepresentation. Are there lots of cases out there that involve discrete misrepresentations, and courts say that either statute of limitations or statute of fraud, a statute of repose, either do or don't open up the untimely ones because there was one within the framework? Well, I think actually, you know, what the courts find is exactly the opposite, right? So I think that you can look at the two recent circuit court decisions, and I think it's the Fifth and the Ninth Circuit that we submitted. What it says is, okay, I'm going to take each misrepresentation. I'm going to look and see whether, based on the date of that misrepresentation, now five years has run, and say, okay, so for certain of them, they're now time barred. And for others… What's the site of that Ninth Circuit case? Let me get it for you now. So the Ninth Circuit case is Meade v. Centineo on November 1, 2022. I have the Westlaw site, Your Honor. Yeah. 2022, Westlaw 16570783. And there's another Fifth Circuit decision, which is Currie v. Thota. I may be mispronouncing that. 2021 Westlaw 3919248. And both of those decisions were dealing with this exact statute, Section 1658, and analyzing when does the statute of repose run. And both found that it runs from the date of each misrepresentation and says, as a result, okay, these set of misrepresentations, which are now more than five years old, time barred. You can't pursue them, but here's the remainder that you can. But those are claims for the discrete misrepresentations. Do either of those cases apply to a claim of a conspiracy or scheme claim? I think those were both 10B misrepresentation cases. With respect to the scheme liability, because I'm getting the yellow, so I know I'm running out of time. I want to mention one thing, which is I think it's very important with respect to the scheme liability statute of repose argument, which is, and generally, plaintiffs attempt now to raise the scheme liability claims. This case has been pending for a very long time. As you can see, we've had a lot of motion practice before the district court. The scheme liability claims were pled in the first amended complaint, A, B, and C. The court dismissed all three of those claims for failure to plead falsity based on misrepresentations. Plaintiffs then filed a 59E motion for reconsideration at that point and never once raised the argument that their claim was predicated on a scheme liability that was separate and apart from a misstatement. And I think, respectfully, the proof is in the pudding there. If they truly believed that they had a scheme liability claim that was separate and apart from misstatements, why wasn't it in their Rule 59E motion at the time when they sought reconsideration? Let me ask you another question. On the repose issue, you've talked about when the five-year period begins. But then the statute says what you can't do after those five years. What's the statutory language? Did you reach out to the statutory language? Yes. I thought I had it here, and I can't find it. I do, actually. So what it says is that a private right of action that involves the claim of fraud, deceit, manipulation, or contrivance and contravention of a regulatory requirement concerning the securities laws may be brought five years after such violation. May be brought. May be brought. So it's a bar after. Why are you bringing it if you are the same case that you brought earlier, and there's no final judgment ending that? Why is that bringing it? I think because the complaint being dismissed without prejudice essentially means that the action was never brought. Respectfully, the analysis is— But that's true if you have a final judgment saying that. But you don't have a final judgment saying it's dismissed without prejudice. And respectfully, I think that in both the Brown case and the Boatsman case, it was involving this exact issue, which is, okay, for purposes of a statute of repose calculation, does a complaint dismissed without prejudice mean essentially that the action was never brought? And the answer is yes. That's the analysis. It says dismissal without prejudice. But was the dismissal without prejudice a final judgment in those cases? I don't believe so. Because it was without prejudice. Well, that itself doesn't— Yes. I mean, we've got the expert here. But— No. No. There's nothing like— Just because we wrote something, a lot of water is gone. Well, there's nothing more that I like than being questioned by an expert, so please. But it doesn't turn just on whether it's dismissal without prejudice. Sometimes a dismissal without prejudice is a final judgment. Sometimes it's not. This one was not. So if those cases were dismissals without prejudice when there wasn't a final judgment, that would be, I think, a significant relevant difference. Maybe just a positive difference. But I think here—actually, just to reference, because plaintiff argued on SEPTA, and I think the Third Circuit's analysis is also on point. And what it said is, okay, so you have a—when a case is dismissed without prejudice, it is generally treated as if it never existed for purposes of statute of repose. At that point, you have the statute of repose clock running, and you have a vested right at the conclusion of those five years to your repose. And I think applying that to here, that reasoning, it would say that when the court dismissed the action without prejudice, the clock was running. I recognize, obviously, not a final judgment for purposes of— I don't think you have any vested rights until you have a final judgment in your favor. The law is clear that a district court, until there's a final judgment, can change everything. So I don't see where you get a vested right until you've got a final judgment. And I think what Your Honor is saying is final judgment for purposes of appeal. So that being the distinction. Okay. I can see your point. Any other questions? Thank you. Thank you very much, Your Honor. You went over your time. She went over a little more, if you want to take a minute, but just on things that were addressed in her argument. Thank you. Thank you. So I'd actually just like to bring up two points. One being the scenario that is tricky under counsel's application of this repose period. What happens if the repose period passes and ends before the district court even issues its order dismissing the case without prejudice but leaves room to amend? If that happens, then the plaintiff can't amend. And if reason is the soul of all law, I don't think there's a whole lot of soul in that argument. Is that over the bench here? Yeah. We don't get to see that. The other point that I would raise is that counsel mentioned SEPTA. But in a footnote in SEPTA, the Third Circuit embraces this same view on finality. And it says Brennan, which is an earlier Third Circuit case, also distinguishes between final orders, after which a plaintiff may not revise an otherwise barred claim, and, quote, conditional orders, after which a time bar does not arise. Your time's expired, but we can find that footnote. Okay. Thank you. Thank you. Thank you, counsel. Interesting. Cases submitted in counsel are excused.